# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*   -   TORT   -   MOTOR VEHICLE TORT -
CONTRACT   -   EQUITABLE RELIEF   -   OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                SUPERIOR COURT
                                                                          CIVIL ACTION
                                                                          No. 2277CV00043

...........Carole Davidson........................................., Plaintiff(s)

v.

...........Costco Wholesale Corporation..........., Defendant(s)

## SUMMONS

To the above named Defendant: Costco Wholesale Corporation

You are hereby summoned and required to serve upon Paul F.X. Yasi Jr., Yasi & Yasi, P.C.,

plaintiff's attorney, whose address is Two Salem Green Salem, MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 56 Federal St. Salem, MA either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE, Esquire, at Salem, the 19th day of January, in the year of our Lord two thousand 22.

*Clerk*

A true copy Attest:
1-2-22
Deputy Sheriff Suffolk County

NOTICE - DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated: _____, 20___.           _____

N.B.  TO PROCESS SERVER:-
      PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
      THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

                                                    _____
                                                   |            |
                                                   |     , 20   |
                                                   |_____|

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)

v.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                    ESSEX SUPERIOR COURT
                                                                              DEPARTMENT OF THE TRIAL COURT
                                                                              CA No.

CAROLE DAVIDSON,

    Plaintiff,

    v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Carole Davidson, in the above-entitled action, and states the following:

1. The Plaintiff, Carole Davidson, is an individual residing at 45 Prospect Street, Marblehead, Essex County, Commonwealth of Massachusetts.

2. The Defendant, Costco Wholesale Corporation, (hereinafter "Costco") is Foreign Corporation, with a principal place of business located at 999 Lake Drive, Issaquah, King County, State of Washington, 98027. At all times relevant to this matter, The Defendant, Costco Wholesale Corporation's Resident Agent has been CT Corporation System, 155 Federal Street, Suite 700, Boston, Suffolk County, Commonwealth of Massachusetts, 02110.

3. At all times relevant hereto, the Defendant, Costco Wholesale Corporation, its agents, servants, and/or employees maintained, controlled, operated, and/or were responsible for, the Costco Wholesale store located at 11 Newbury Street, Danvers, Massachusetts. (hereinafter "the premises")

## COUNT I
## CAROLE DAVIDSON v. COSTCO WHOLESALE CORPORATION
## NEGLIGENCE

4. The Plaintiff repeats, realleges, and incorporates by reference paragraphs one through three herein.

5. At all times relevant to this matter, the Defendant, Costco, its agents, servants, and/or employees, were responsible for maintaining, cleaning, and sweeping the exterior area of the 11 Newbury Street, Danvers store, specifically the entrance area of the store open to its customers.

6. At all times relevant to this matter, the Defendant, Costco had a duty to take proper precautions to minimize, control and/or remedy any dangerous conditions that existed at the entry of the store, and to warn store customers of any dangerous conditions associated with same.

7. On May 11th, 2019, at approximately 3 pm, the Plaintiff, Carole Davidson, was lawfully on the Defendant, Costco's supermarket premises at 11 Newbury Street, Danvers, Massachusetts, for the purpose of shopping.

8. At said time, the Plaintiff was in the exercise of due care, was going to get a shopping cart out of the designated shopping cart storage area when she tripped and fell over a cable wire that was being used to keep the shopping carts together.

9. The cable wire constituted a dangerous and hazardous condition.

10. The following acts and omissions by the Defendant, Costco, constituted negligence in that it:

    a. Placed the cable wire in such a way that it created a dangerous and hazardous condition;

    b. Allowed the dangerous and hazardous condition to exist for an unreasonable amount of time;

    c. Failed to remove or remediate the placement of the cable wire;

    d. Failed to warn all legal invitees on the premises of the cable wire;

    e. Maintained and allowed the shopping cart storage area to exist in a dangerous and hazardous condition, to wit, the cable wire;

    f. Failed to carry out reasonable and periodic inspections of the shopping cart storage area;

    g. Failed to remove or remediate the dangerous and hazardous condition in the shopping cart storage area;

    h. Failed to warn all legal invitees that the shopping cart storage contained a dangerous and hazardous condition;

    i. Failed to display, place, maintain, monitor, and operate the shopping cart storage area in a reasonably safe manner;

    j. Failed to adhere to its own safety policies and procedures on how to maintain the premises in a reasonably safe condition free of dangerous and hazardous conditions, including but not limited to the shopping cart storage area.

11. The injuries suffered by the Plaintiff were not caused by any fault on her part, but were the direct and proximate result of the dangerous and hazardous condition that was created, and/or allowed to exist, without warning, as a result of the Defendant's acts and omissions described in Paragraph 10 above, which constitute negligence.

12. As a result of the negligence of the Defendant, The Costco Wholesale Corporation, its agents, servants, and/or employees, the Plaintiff was caused to sustain serious personal injuries, was caused to suffer great pain of body and mind, was obliged to incur reasonable medical expenses for medical care and attendance in excess of $41,773.84, was prevented from enjoying her usual duties and activities, and was caused to suffer other damages that will be shown at the time of trial.

**WHEREFORE,** the Plaintiff, Carole Davidson, respectfully demands judgment against the Defendant, Costco Wholesale Corporation, together with interest, costs and reasonable attorney's fees

---

**THE PLAINTIFF HEREBY REQUEST A TRIAL BY JURY IN THE SUPERIOR COURT ON ALL COUNTS AND ISSUES**

Respectfully submitted,
The Plaintiff,
CAROLE DAVIDSON,
By her attorney,


Paul F.X. Yasi, Jr., Esq.
BBO# 696757
Yasi & Yasi, PC
Two Salem Green
Salem, MA 01970
978-741-0400
pj@yasiandyasi.com

Date: 1/14/21

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court | efile |
|---|---|---|---|

PLAINTIFF(S): Carole Davidson
ADDRESS: 45 Prospect Street, Marblehead, MA 01945

COUNTY: Essex

DEFENDANT(S): Costco Wholesale Corporation

ATTORNEY: Paul F.X. Yasi, Jr., Esq.
ADDRESS: Yasi & Yasi, P.C., 2 Salem Green, Salem, MA 01970

ADDRESS: CT Corporation System, 155 Federal St, Ste 700, Boston, MA 02110

BBO: 696757

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence- Personal Injury | F | [X] YES   [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [X] NO
Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................. $3,437.35
2. Total doctor expenses ............................................................................................... $12,157.00
3. Total chiropractic expenses ...................................................................................... $2,985.00
4. Total physical therapy expenses .............................................................................. $
5. Total other expenses (describe below) .................................................................... $23,194.49
   Subtotal (A): $41,773.84
   Surgery

B. Documented lost wages and compensation to date ................................................... $
C. Documented property damages to date ...................................................................... $
D. Reasonably anticipated future medical and hospital expenses .................................. $
E. Reasonably anticipated lost wages .............................................................................. $
F. Other documented items of damages (describe below) .............................................. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $41,773.84

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X  Date: 1/14/21

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X  Date: 1/14/21

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2277CV00043 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Carole Davidson vs. Costco Wholesale Corporation | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: Paul Francis Xavier Yasi, Jr., Esq.<br>Yasi and Yasi, P.C.<br>2 Salem Green<br>Salem, MA 01970 | | COURT NAME & ADDRESS<br>Essex County Superior Court - Salem<br>J. Michael Ruane Judicial Center<br>56 Federal Street<br>Salem, MA 01970 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                              **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/14/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 05/16/2022 | |
| All motions under MRCP 12, 19, and 20 | 05/16/2022 | 06/13/2022 | 07/13/2022 |
| All motions under MRCP 15 | 05/16/2022 | 06/13/2022 | 07/13/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 11/10/2022 | | |
| All motions under MRCP 56 | 12/12/2022 | 01/09/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/09/2023 |
| Case shall be resolved and judgment shall issue by | | | 01/15/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 01/18/2022 | Jose Mejia | (978)825-4800 |

Date/Time Printed: 01-18-2022 13:44:01                                                                      SCV026\ 08/2018